Filed 10/7/13  P. v. Perkins CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>DANTE PERKINS,<br><br>Defendant and Appellant. | C072924<br><br>(Super. Ct. No. 12F01436) |

A jury convicted defendant Dante Perkins of carjacking, second degree robbery and possession of a firearm by a felon.  The trial court found true an allegation that defendant had a prior strike conviction, denied defendant's request to dismiss the prior strike (Pen. Code, § 1385; *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497), and sentenced defendant to 35 years eight months in state prison.

Defendant now contends the trial court abused its discretion in denying his request to dismiss the prior strike. Concluding there was no abuse of discretion, we will affirm the judgment.

BACKGROUND

Parris Pruitt pulled his car into the parking lot of Greenhaven Liquor store. His girlfriend and their son remained in the car while Pruitt entered the store to buy cigarettes. Pruitt left the keys in the ignition.

As Pruitt walked back to the car, defendant pointed a handgun at Pruitt's chest. Defendant said: "Don't get in the car. I'll gas you if you open the door." Pruitt understood the word "gas" to mean "shoot." Defendant took the cell phone from Pruitt's hand and got into the car. Pruitt ran back into the liquor store to call 9-1-1. Defendant pointed the gun at Pruitt's girlfriend and told her to get out of the car or he would shoot up the car. The girlfriend and child left. Defendant subsequently sold Pruitt's car.

In denying defendant's request to dismiss the prior strike, the trial court considered, among other things, defendant's prior criminal history and noted that his prior strike conviction (a 2008 robbery) was a violent felony and was relatively recent.

Defendant was born in 1991; he was 21 years old at the time of the instant offenses. His prior record included sustained juvenile delinquency petitions for a misdemeanor vehicle theft in 2006, two felony vehicle thefts in 2008, and the 2008 robbery. He also had adult convictions for misdemeanor possession of methamphetamine in 2009, resisting arrest in 2010, and accessory to burglary in 2011.

In the 2008 robbery, defendant and a cohort confronted a Round Table Pizza employee making a pizza delivery. The cohort pointed a gun at the victim and demanded money. When the victim resisted, defendant and his cohort punched and kicked the victim. The victim told the attackers they could find money in the victim's car; defendant and his cohort took $300 from the victim's car and fled in another vehicle. Defendant later admitted the crime and admitted membership in the Guttah Boyz gang.

2

DISCUSSION

Defendant contends the trial court abused its discretion in denying his request to dismiss the prior strike.

We review a trial court decision declining to dismiss a prior strike for abuse of discretion. (*People v. Carmony* (2004) 33 Cal.4th 367, 375.) In so doing, we are guided by two fundamental precepts. "First, ' "[t]he burden is on the party attacking the sentence to clearly show that the sentencing decision was irrational or arbitrary. [Citation.] In the absence of such a showing, the trial court is presumed to have acted to achieve legitimate sentencing objectives, and its discretionary determination to impose a particular sentence will not be set aside on review." ' [Citations.] Second, a ' "decision will not be reversed merely because reasonable people might disagree. 'An appellate tribunal is neither authorized nor warranted in substituting its judgment for the judgment of the trial judge.' " ' [Citations.] Taken together, these precepts establish that a trial court does not abuse its discretion unless its decision is so irrational or arbitrary that no reasonable person could agree with it." (*Id*. at pp. 376-377.)

Thus, the party challenging a ruling under Penal Code section 1385 has the burden to show the trial court ruled in an arbitrary, capricious, or patently absurd manner that resulted in a manifest miscarriage of justice. (*People v. Romero* (2002) 99 Cal.App.4th 1418, 1433-1434.) Absent such a showing, we must presume the trial court acted to achieve legitimate sentencing objectives and may not set aside the trial court's discretionary determination to impose a particular sentence. (*People v. Superior Court* (*Alvarez*) (1997) 14 Cal.4th 968, 977-978.)

Defendant admits the instant offenses were very serious and that he has a lengthy criminal record. Nonetheless, he points out that he is young and that several of his prior convictions were misdemeanors.

Regarding the prior strike conviction, defendant claims he and his cohort did not use a "real" firearm, they only used a BB gun, and thus defendant exercised caution to

avoid harm to persons. (Cal. Rules of Court, rule 4.423(a)(6).) Defendant further claims that because it was his practice to use a "fake" gun, and because the weapon used for the instant offenses was never found, there remains a significant doubt that a real gun was used for the instant offenses. He adds that even after dismissal of the prior strike, he would still be subject to a 25-year sentence.

Defendant has not established that he falls outside the spirit of the three strikes law. By his own admission, he has a lengthy criminal history. Moreover, contrary to his assertion, he did not exercise caution to avoid harming his robbery victim; rather, he and his cohort punched and kicked the victim. Defendant's most recent offenses include three violent felonies and one serious felony. On this record, the trial court did not abuse its discretion in declining to dismiss the prior strike.

## DISPOSITION

The judgment is affirmed.


                                          MAURO             , J.


We concur:


            BLEASE           , Acting P. J.


            ROBIE           , J.